# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AKIEL DAVIS-ROGERS,**

    **Plaintiff,**

v.                                                                         **Case No. 24-CV-957**

**JAMES RICHTER,** *et al.***,**

    **Defendants.**

# ORDER

On May 19, 2025, defendant James Richter filed a motion for summary judgment on the grounds that *pro se* plaintiff Akiel Davis-Rogers failed to exhaust his administrative remedies. (ECF No. 34.) On May 20, 2025, the court issued a notice and order informing Davis-Rogers that he had until June 18, 2025, to file a response to Richter's summary judgment motion. (ECF No. 40.) The court cautioned Davis-Rogers that, if by that date he did not respond to the motion or file a letter explaining why he was unable to do so, the court would accept all facts asserted by Richter as undisputed.

To date, Davis-Rogers has not filed a response to Richter's motion for summary judgment. As such, the court will construe the motion for summary judgment as unopposed. The court has reviewed Richter's motion for summary judgment, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that not only is Richer entitled to summary judgment on exhaustion

grounds, but the entire case should be dismissed because Davis-Rogers also did not properly exhaust his administrative remedies as to the allegations against defendant Laura Clanderman. As such, the case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

**IT IS THEREFORE ORDERED** that Richter's motion for summary judgment (ECF No. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment.

The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 7th day of July, 2025.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge